[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11038
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20291-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE HARRELL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 8, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Terrance Harrell appeals his conviction for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Harrell challenges the sufficiency of the evidence to support his conviction. We affirm.

We review *de novo* the denial of a motion for a judgment of acquittal. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). "We view the evidence in the light most favorable to the government, making all reasonable inferences and credibility choices in [its] favor, and then determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (alteration adopted, internal quotation marks and citation omitted). "Credibility determinations are the exclusive province of the jury" and we accept them unless the testimony is incredible as a matter of law. *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (quoting *United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990)). To be incredible as a matter of law, testimony must be "unbelievable on its face," in that it conveys "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (quoting *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985)).

The crime of possessing a firearm as a felon is comprised of three elements, two of which are not in dispute. Harrell admitted that he had been convicted of a felony offense and that a Glock nine-millimeter handgun discovered in his parents'

2

yard had traveled in interstate commerce. The sole issue in dispute at trial was whether Harrell possessed the handgun.

The district court did not err by denying Harrell's motion for a judgment of acquittal. Testimony from Detectives Thomas Wever and Alexis Marrero, statements recorded by Wever's body camera, and the detectives' discovery of the Glock handgun and accessories unique to that firearm provided sufficient evidence that Harrell possessed the firearm. After leading the detectives on a high-speed car chase, Harrell abandoned his vehicle and fled on foot through his parents' yard while gripping his waistband in an "awkward way." The body camera recorded that when Detective Wever saw Harrell display a semi-automatic handgun with an extended magazine, he warned "gun, gun, gun, 55" to his fellow officers and ordered Harrell to display his hands and "drop the gun." Detective Marrero then witnessed Harrell "throw up his arm and . . . saw a . . . black gun[] with a long magazine . . . in the air" moments before Harrell fell to the ground. Detective Marrero discovered a Glock handgun lying on the ground close to Harrell's route through the yard, and Detective Wever seized a holster for the Glock handgun from the floorboard beneath the driver's seat in Harrell's car. Detective Marrero also found an ammunition magazine for the Glock handgun in the rear seat of his patrol car after he transported Harrell to the police station. Harrell argues about inconsistencies in the detectives' testimony, but because their statements were not

incredible as a matter of law, we must accept the jury's finding that the testimony was credible. *See Calderon*, 127 F.3d at 1325.

We **AFFIRM** Harrell's judgment of conviction.